IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-86-D

| | | |
|---|---|---|
| TRACY WOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BANK OF AMERICA CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Tracy Woody ("plaintiff" or "Woody") is a notorious filer of pro se complaints. See Woody v. Am. Gen. Fin. Servs., Inc., No. 5:09-CV-561-D, 2010 WL 2169178, at * 1 n.1 (E.D.N.C. May 29, 2010) (unpublished) (collecting cases). On January 29, 2010, Woody, proceeding pro se, filed a complaint in Wake County Superior Court seeking to rescind her mortgage loan and collect damages [D.E. 1-1]. In her complaint, Woody alleges that defendants violated (1) the Federal Reserve Board's Regulation Z and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–67f, as amended by the Home Ownership and Equity Protection Act ("HOEPA"), (2) Colorado statute C.R.S. § 38-40-105, (3) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, (4) "usury law," and (5) section 6 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

On March 10, 2010, defendants removed the action [D.E. 1] and now seek dismissal for failure to state a claim upon which relief can be granted [D.E. 8, 10]. On June 7, 2010, Woody moved for production of documents [D.E. 15], and on June 15, 2010, defendants moved to strike Woody's motion for production of documents [D.E. 16]. As explained below, Woody's TILA and Regulation Z claim against Countrywide Home Loans, Inc. ("Countrywide") may proceed.

However, all of her remaining claims fail. Accordingly, the court grants defendants' motions to dismiss as to all of Woody's claims except her TILA and Regulation Z claim against Countrywide and grants the motion to strike Woody's request for production of documents.

I.

On January 30, 2007, Woody obtained a mortgage loan from Countrywide. See Compl. ¶¶ 2, 9(v). At that time, Countrywide provided Woody with "disclosure statements" concerning the loan. See id. ¶ 7. Bank of America Corporation, BAC Home Loans Servicing, L.P., Bank of America, N.A., and Bank of America Home Loans and Insurance thereafter acquired Countrywide's interest in Woody's loan. See id. ¶¶ 2, 4, 8. Nationwide Trustee Services, Inc. ("Nationwide") is a North Carolina trustee that apparently instituted foreclose proceedings against Woody. See id. ¶¶ 2, 4.

On January 29, 2010, Woody filed a complaint in Wake County Superior Court against defendants [D.E. 1-1]. In her complaint, Woody alleges that defendants violated (1) the Federal Reserve Board's Regulation Z and TILA, 15 U.S.C. §§ 1601–67f, as amended by the HOEPA, because defendants are responsible for Countrywide's alleged failure to provide Woody with various disclosure documents concerning their loan transaction, including a "Privacy Notice," a "Guide to Lending," "Payment Schedules," and a "USA Patriot Act Disclosure," see Compl. ¶¶ 2, 4, 6–9, (2) Colorado statute C.R.S. § 38-40-105 because defendants are responsible for Countrywide's alleged "exten[sion] [of] credit" to Woody "without regard [for] [her] ability to repay the loan[]," id. ¶ 7, (3) FCRA, 15 U.S.C. §§ 1681–1681x, by engaging in "false 3 bureau credit reporting," id. ¶ 4, (4) "usury law" because Countrywide provided "[n]on material disclosures" and engaged in "unfair and deceptive trade practices," id., and (5) section 6 of RESPA, 12 U.S.C. § 2605, by failing to respond to a "Qualified Written Request," and failing to provide "material disclosures." See id. ¶¶ 1, 4.

2

II.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

The court construes the allegations in Woody's pro se complaint liberally. See, e.g., Erickson, 551 U.S. at 94. However, "[w]hile pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir.1990) (quotations omitted).

As for Woody's claims under Colorado law and the FCRA, they are the same baseless claims that she recently made in another complaint and are dismissed. See Woody, 2010 WL 2169178, at * 3–4.

Woody also alleges that defendants violated "usury law" because Countrywide provided "[n]on material disclosures" and engaged in "unfair and deceptive trade practices." Compl. ¶ 4. However, the two-year "statute[] of limitations began to run on [any such] claim[] at the closing of the loan" in 2007; therefore, Woody's usury claim fails. See, e.g., Shepard v. Ocwen Fed. Bank, FSB, 361 N.C. 137, 138–41, 638 S.E.2d 197, 198–200 (2006). Alternatively, Woody fails to allege facts sufficient to support her usury claim. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009). Thus, Woody's usury claim is not plausible and is dismissed.

Woody also claims that defendants violated Regulation Z and TILA, as amended by HOEPA, because defendants are responsible for Countrywide's alleged failure to provide Woody with various disclosure documents concerning their loan transaction, including a "Privacy Notice," a "Guide to Lending," "Payment Schedules," and a "USA Patriot Act Disclosure." See Compl. ¶¶ 2, 4, 6–9.

TILA requires creditors to make certain disclosures about loans and associated costs, to enable consumers "to compare more readily the various credit terms available," "avoid the uninformed use of credit," and avoid "inaccurate and unfair credit billing." 15 U.S.C. § 1601(a); see generally id. §§ 1601–1667f. HOEPA, which amended TILA, requires creditors to make additional disclosures to borrowers of "high-cost" or "high-rate" loans. See id. § 1639; Cunningham v. Nationscredit Fin. Servs. Corp., 497 F.3d 714, 717 (7th Cir. 2007).[1] HOEPA also requires "creditor[s]" to make certain disclosures in consumer credit transactions to the prospective borrower.

---

[1] A high-cost HOEPA loan is "a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction . . . if . . . the total points and fees payable by the consumer at or before closing will exceed the greater of . . . 8 percent of the total loan amount; or . . . $400." 15 U.S.C. § 1602(aa)(1). "Points and fees" include "all compensation paid to mortgage brokers." Id. § 1602(aa)(4)(B).

4

Case 5:10-cv-00086-D Document 19 Filed 07/20/10 Page 4 of 7

15 U.S.C. §§ 1631–1632, 1635. Specifically, creditors must make "material disclosures," including (1) "the annual percentage rate," (2) "the method of determining the finance charge and the balance upon which a finance charge will be imposed," (3) "the amount of the finance charge," (4) "the amount to be financed," (5) "the total of payments," (6) "the number and amount of payments," (7) "the due dates or periods of payments scheduled to repay the indebtedness," and (8) if the loan is covered by HOEPA, the disclosures required by section 1639(a). 15 U.S.C. § 1602(u); see id. § 1639(a).

The Federal Reserve Board, the agency which administers TILA, has adopted Regulation Z to implement TILA's mandates and methods of disclosure. See 12 C.F.R. § 226.1. The Federal Reserve Board provides the following illustration showing a creditor's compliance with the form and timing requirements of 12 C.F.R. § 226.17:

> A creditor gives a consumer a multiple-copy form containing a credit agreement and TILA disclosures. The consumer reviews and signs the form and returns it to the creditor, who separates the copies and gives one copy to the consumer to keep. The creditor has satisfied the disclosure requirement.

67 Fed. Reg. 16980, 16983 (Apr. 9, 2002).

TILA defines a "creditor" as "only . . . a person who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(f). Similarly, Regulation Z defines a "creditor" as "[a] person who regularly extends consumer credit . . . , and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 12 C.F.R. § 226.2(a)(17)(i) (footnote omitted).

Except for Countrywide, defendants are not "creditor[s]" according to section 1602(f) and
5

Regulation Z, because they are not "the person to whom the debt arising from [the mortgage loan] [wa]s initially payable." Cetto v. LaSalle Bank Nat'l Ass'n, 518 F.3d 263, 269–73 (4th Cir. 2008); 15 U.S.C. § 1602(f); 12 C.F.R. § 226.2(a)(17)(i). Accordingly, Woody fails to state a claim under TILA and Regulation Z against Bank of America Corporation, BAC Home Loans Servicing, L.P., Bank of America, N.A., Bank of America Home Loans and Insurance, or Nationwide.

As for Woody's TILA and Regulation Z claim against Countrywide, Woody alleges that she did not receive "Payment Schedules" for her loan. See id. ¶ 9(v). Such an omission states a claim under TILA and Regulation Z. See 15 U.S.C. § 1602(u); 12 C.F.R. § 226.18(g). Under TILA's statute of repose, 15 U.S.C. § 1635(f), an obligor's right to rescind a loan transaction where a creditor has failed to make required disclosures expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635f; see Jones v. Saxon Mortg., Inc., 537 F.3d 320, 324–27 (4th Cir. 1998) (per curiam). Woody alleges that her loan closed on January 30, 2007, and she filed this action on January 29, 2010, one day before TILA's statute of repose would bar her claim. As such, Woody's TILA and Regulation Z claim against Countrywide may proceed.

Woody also alleges that defendants violated section 6 of RESPA, 12 U.S.C. § 2605, by failing to respond to a "Qualified Written Request," and failing to provide "material disclosures." See Compl. ¶¶ 1, 4. RESPA requires a loan servicer of a federally related loan that "receives a qualified written request from the borrower . . . for information relating to the servicing of such loan" to "provide a written response." 12 U.S.C. § 2605(e)(1)(A). A "[q]ualified written request" is a "written correspondence" that includes "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." See id. § 2605(e)(1)(B). Woody, however, does not

6

allege that she made any request for servicing of the loan. Furthermore, Woody's complaint fails to explain how defendants allegedly violated RESPA by failing to provide "material disclosures." Accordingly, plaintiffs' RESPA claim fails and is dismissed. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Robinson, 551 F.3d at 222.[2]

III.

Except for Woody's TILA and Regulation Z claim against Countrywide, Woody's complaint fails to state a claim upon which relief can be granted. Accordingly, the court GRANTS the motion to dismiss [D.E. 8] as to Woody's claims against Bank of America Corporation, BAC Home Loans Servicing, L.P., Bank of America, N.A., and Bank of America Home Loans and Insurance. The court also GRANTS the motion to dismiss [D.E. 8] as to Woody's RESPA, usury, FCRA, and Colorado law claims against Countrywide. The court DENIES the motion to dismiss [D.E. 8] as to Woody's TILA and Regulation Z claim against Countrywide. Furthermore, the court GRANTS Nationwide's motion to dismiss [D.E. 10], and GRANTS the motion to strike Woody's request for production of documents [D.E. 16].

SO ORDERED. This 20 day of July 2010.

JAMES C. DEVER III
United States District Judge

---

[2]To the extent that Woody alleges a claim of fraud, she does not provide factual support and such a claim fails.

7